## MARY V. DUVAL *v.* FANNIE E. NEAL.

1. USURY.  *Joint venture.  Sharing profits.*

    A contract by which complainant is to advance money to publish and intro-
duce defendant's book, and, in consideration thereof, is to be paid his
advances, with legal interest, out of the net profits, if any, and also
one-half of such profits, imposes no personal liability on defendant,
and is not usurious.

FROM the chancery court of Panola county.

HON. B. T. KIMBROUGH, Chancellor.

Appeal from decree overruling a demurrer.  Appellee,
Fannie E. Neal, filed her bill against appellant, Mary V.
Duval, alleging that the latter had written a book, entitled
"History of Mississippi," and had the same copyrighted;
but, being unable to pay for publishing the book and intro-
ducing it to the public, sought and obtained from complain-
ant advances for that purpose.  The agreement between
them stipulated that complainant should furnish $500, to be
applied toward the publication of the book, and, in consid-
eration thereof, should receive all the net receipts from sales
of the book until the said sum by her advanced should be
repaid, with lawful interest, and, besides, should forever own
one-half interest in the book.  The bill alleges that com-
plainant advanced, under this contract, more than $1,100, the
advances over $500, the stipulated amount, having been
found necessary to procure the publication; that complain-
ant had received the greater part of the money derived from
sales, but there was still due $464; that defendant was pur-
posing and preparing to issue a new edition of the book, by
which the old one would be superseded and rendered value-
less; that defendant denies all right of complainant in the
new edition, and has instructed the publishers not to furnish
any more copies of the old edition to complainant, or allow

her the use of the copy plates. Complainant avers that she is entitled to all the proceeds of the book until her advances are repaid, and that she is a half-owner in the book, and defendant has no right to supersede it with a new edition without complainant's consent; and, if a new edition is issued, complainant will also have a half-interest in it.

The prayer is for an accounting, and for an injunction to prevent defendant from interfering with the publication and sale of the book in any manner prejudicial to complainant's interests, and for a receiver.

Defendant demurred to the bill, assigning numerous grounds, chiefly that the contract was usurious. Demurrer overruled, and defendant appeals.

*Shands & Johnson*, for appellant.

1. The case turns entirely upon the construction of the written contract. Appellant contends that it merely created a lien for $500 advanced to her by appellee. No partnership is created. The $500 is a mere debt due, and is to be repaid with interest. It creates a personal liability on appellant. The parties are not engaged in a joint venture. Appellee risks nothing, pays none of the expenses, and is interested in the profits only as a means of compensation for advances. 52 Ill., 219; 47 *Ib.*, 178; 97 Mass., 230; 34 N. W. Rep., 419; 54 Mich., 9; 76 N. Y., 55; 87 *Ib.*, 33; 51 Am. Rep., 614; 53 Vt., 669.

2. The contract is usurious. Such contracts are often confounded with partnerships. 1 Lindley on Part., 16. The half-interest in the book is compensation over and above the interest. It is not necessary that the additional interest be stipulated to be paid in money. 37 Am. Dec., 642; 20 *Ib.*, 300. At most, appellee has only a lien for $500, and such other advances as were necessary to protect her lien.

*Haynes & Hays*, on the same side,
In support of the contention that the contract is usurious,

cited 20 Am. Dec., 300; 2 Peters, 537; 5 Am. Dec., 424; 42 *Ib.*, 372; Parsons on Con., 427, 431; Waterman on Spec. Perf., § 216.

*R. H. Taylor* and *W. D. Miller*, for appellee.

The contract was not a loan of money. The advances were to be repaid only out of the " net receipts," and not in any event. The agreement created a partnership in a hazardous venture, and the objection as to usury must fail. 17 Am. & Eng. Enc. L., 852; 54 Cal., 463; 58 N. Y., 272; 7 Ohio St., 172; 29 Vt., 1; 53 Wis., 260; 40 Am. Rep., 770; 5 Ch. D., 458; 7 *Ib.*, 511; 116 N. Y., 61; Story on Part., 306.

Argued orally by *S. B. Hays*, for appellant.

WOODS, J., delivered the opinion of the court.

There is no usury in the written contract. It does not create any personal liability on appellant. She is not bound to answer for the money advanced by appellee. The sum advanced, in a doubtful and hazardous venture, is to be returned, if ever, out of the fruits of the enterprise, and appellant is under no personal liability to pay at all. The appellee advanced her money to enable the appellant's book to be put before the public, and, in consideration thereof, she takes a half-interest in any net profits that may spring from the venture, and stipulates for the return of her advancement, with legal interest, if the requisite funds shall ever arise in the prosecution of the enterprise; and this she might safely do, without subjecting herself to the charge of usury.

Her bill of complaint makes a fair case for the interposition of a chancery court, and the demurrer was properly overruled. If the statements of the bill are true, the appellee in clearly entitled to the relief prayed.

*Affirmed.*