COMMERCIAL BANK & TRUST CO. ET AL. v. JOINER.

[75 South.  599, Division A.]

1. USURY.  *Joint Venture.  Sharing profits.*

A contract by which a party is to advance twenty-five hundred dollars to another to purchase the assets of a defunct bank, and in consideration thereof, is to receive a one-third interest in such assets and profits on his investment to the amount of twenty-five hundred dollars and with the further agreement that the entire interest of the borrower shall be subject first to the deduction of the twenty-five hundred dollars as profits together with the twenty-five hundred dollars borrowed, such contract imposes no personal liability on the borrower and is not usurious.

2. LIENS.  *Enforcement in equity.  Pleadings.*

A cause of action to have plaintiff's claim declared to be a first lien on the property, was stated by a bill which alleged that a borrower from plaintiff transferred to defendants his remaining equity in the assets of a bankrupt bank after he had transferred one-third of his equity to plaintiff.

APPEAL from the chancery court of Hinds county.
HON O. B. TAYLOR, Chancellor.

Suit by J. C. Joiner against the Commercial Bank & Trust Company and others. From an order overruling a demurrer to the bill, defendants appeal.

Appellee filed a bill in chancery against the appellants Commercial Bank & Trust Company and First National Bank of Laurel and George Butler, alleging that prior to July 31, 1913, the Jackson Loan & Trust Company had been adjudicated a bankrupt, and that all the assets of said company had been sold by the trustee and purchased in the name of the New Orleans Real Estate, Mortgage & Securities Company, upon an agreement that said Securities Company was to have a first lien on all of said assets for the repayment of the purchase money advanced, to wit, twenty-five thousand dollars, and an additional sum of five thousand dollars as profits,

and that the remainder of the profits should be divided between said Butler and his associates and one McPherson, and that the assets of the company remain in the hands of said Butler as attorney, for collection, and that McPherson procured the money to purchase the interest of Butler and his associates from the appellee and executed the following instrument, to wit:

"Know all men by these presents, that for and in consideration of twenty-five hundred dollars ($2,500) advanced to the undersigned, J. R. McPherson, of Laurel, Miss., by C. J. Joiner of Hazelhurst, Ga. to enable the said McPherson to acquire the entire remaining interest in the securities of the former Jackson Loan & Trust Company of Jackson, Miss., which said securities were sold and transferred by the receivers of the federal court to the New Orleans Real Estate Mortgage & Securities Campany for the account of J. W. Cassedy, George Butler et al., the said J. R. McPherson hereby transfers, assigns and delivers unto the said C. J. Joiner an undivided one-third interest in and to the remainder of the said securities or the proceeds therefrom, after the indebtedness due the Mortgage Securities Company, successors to the New Orleans Real Estate & Securities Company, shall have been paid; the said indebtedness being that assumed by the said McPherson, representing money advanced to the said Cassedy, Butler et al., for the purchase of the aforesaid securities, and for their interest in them. It is understood and agreed by the said McPherson that the profits which shall accure to the said C. J. Joiner in any event amount to the sum of two thousand five hundred dollars, and the entire remaining interest of the said McPhersan shall be subject first to the deduction of said amount, together with the amount advanced by the said C. J. Joiner."

The bill further alleges that afterwards McPherson transferred his remaining equity in said assets to the Commercial Bank & Trust Company, and First Natonal Bank of Laurel, and that appellee's lien upon the assets

in the hands of said Butler is paramount to any interest of said·banks, and is subject only to any balance which may be due to the Securities Company for money advanced by it for the purchase of said assets from the trustee in bankruptcy, and prays that said Butler be required to discover the amount and character of. assets in his hands and the disposition of same, and that the defendant banks be required to propound their claims to said assets, and that on the hearing the. appellee's claim be declared to be a first lien upon all the assets of said bankrupt company to the amount of five thousand dollars in preference to any other claimant except for that of the Securities Company for money loaned for the purchase of said assets.

The appellants demurred, and the court overruled the demurrer and allowed an appeal to settle the law of the case.

*Shannon & Schauber,* for appellants.

The sufficiency of the bill is challenged by demurrer in the following particular: First, there is no equity on the face of the bill. The bill of complaint of the appellee sets forth that one J. R. McPherson, who at that time owned, as alleged in the bill, all the assets, now in question, transferred and assigned to the appellee a one-third interest in the said assets, securities and accounts and notes, for the sum of two thousand five hundred dollars, and further contracted in the same instrument to pay said appellee the sum of two thousand five hundred dollars, for the said money, making a total amount that appellee was to receive five hundred dollars, being the principal, and two thousand five hundred dollars being the interest to be paid.

Now if this instrument which is attached to appellee's bill of complaint is a mortgage, it should have been recorded, in order to put the world on notice that said Joiner, the appellee, claimed an interest in the aforesaid

property. The bill nowhere alleges that this instrument was recorded, and so we think that it is void, and of no effect as to an innocent purchaser for value without notice as were the appellants herein, the banks. We do not think it is necessary to discuss this phase of the matter any further as we are sure that should this court hold this instrument to be a mortgage, that our position will not be controverted. Section 2787, Code of Mississippi of 1906.

In the next place we desire to call this court's attention to the fact, that regardless of what you may construe this instrument, it is a usurious contract, as it provides for the payment of the sum of two thousand five hundred dollars for a loan of two thousand five hundred dollars making a total that the appellee contracted to receive of five thousand dollars.

Under section 2678 of the Code of Mississippi for 1906, as amended by chapter 229 of the Laws of Mississippi, for 1912, the legal rate of interest is made eight per cent., and this chapter provides further, that if a greater rate of interest than eight per centum shall be stipulated for or received in any case all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory. The chapter states further, that if a rate of interest is contracted for or received, directly or indirectly, greater than twenty per centum per annum, the principal and all interest shall be forfeited, and any amount paid on such contract may be recovered by suit.

The question of usury and usurious interest is very fully discussed in the following cases, in which cases the supreme court of Mississippi has held that where the interest is usurious, it cannot be recovered: *Womack* v. *Boyd, Admns., et. al.*, 63 Miss. 488; *Purvis* v. *Woodward, Admns.*, 78 Miss. 222; *Ford* v. *Vicksburg Waterworks Co.*, 102 Miss. 717.

The above cases were decided before the chapter 229 of the Laws of Mississippi referred to above was pass-

ed, but they illustrate very clearly the trend of the law in this state. The legislature of the state went one step further than the courts, and said by their enactment that if a greater rate of interest than twenty per cent is contracted for or received, directly or indirectly, then the principal and all interest shall be forfeited, and any amount paid on such contract may be recovered by suit. We think therefore that this contract, being a usurious contract cannot be enforced; first as to interest, under the decisions of our supreme court prior to the passage of chapter 229 of the Laws of Mississippi for 1912, and that second, it cannot be enforced as to principal and interest, under chapter 229 of the Laws of Mississippi for 1912.

*H. Cassidy,* for appellee.

The questions argued in this case by counsel for appellant are: First: That the contractor's bill of sale from J. R. McPherson to C. J. Joiner, in the record, and upon which the suit is based, should have been recorded as required by page 2787, Code 1906. Second: That the above contract was usurious and should be condemned by section 2678, Code 1906, and chapter 229, Laws 1912.

The written contract referred to provides: "Know all men by these presents that for and in consideration of twenty-five hundred dollars advanced to the undersigned J. R. McPherson of Laurel, Mississippi, by C. J. Joiner of Hazelhurst, Georgia, to enable the said J. R. McPherson to acquire the entire remaining interest in the securities of the former Jackson Loan & Trust Company of Jackson, Mississippi," etc., McPherson transfers assigns and delivers unto said C. J. Joiner and undivided one-third interest in the said securities or the proceeds therefrom after the indebtedness of McPherson to the New Orleans Real Estate & Securities

114 Miss.—48

Company had been paid. The contract further provides with reference to Joiner's interest: "It is understood and agreed by the said McPherson that the profits which shall accrue to the said C. J. Joiner shall in any event amount to the sum of twenty-five hundred dollars and the entire remaining interest of the said McPherson shall be subject first to the deduction of said amount together with the amount advanced by the said C. J. Joiner.

Inasmuch as the case is up on demurrer to the bill of complaint, which bill is short, a statement of the facts will be found specifically set forth therein. The answer to the first proposition is self evident when the contract is referred to in the light of section 2787 of the Code. The property transferred is "securities" and a bill of sale of this species of property is not required to be recorded. The contract does not purport to convey any real estate as contemplated by said section. It is useless to argue the point further.

As to the second proposition that the contract is usurious: "There are none of the elements or requirements of a usurious agreement or contract in this document. Usury statutes have no application to those uncertain transactions in which the person who furnishes the money needed incurs risk of loosing in whole or in part the principal sum loaned, or in which the amount payable is contingent upon conditions beyond the control of the parties." 39 Cyc., pp. 943, 4.

"When, for any cause whatever, the principal sum loaned or any part thereof is put in hazard, the lender may lawfully require for the risk incurred as large a sum as may be agreed upon in good faith." 39 Cyc.,944.

This controversy, however, is settled, without further argument by the case of *Duval* v. *Neal,* 70 Miss. 288.

SYKES, J., delivered the opinion of the court.

The court below was correct in overruling the demurrer to the bill. The demurrer only states one ground, viz.: "There is no equity on the face of the bill." The contract entered into between the appellee Joiner and McPherson on its face is not usurious. *Duval* v. *Neal,* 70 Miss. 288, 12 So. 145. The bill does not allege, and neither is it to be inferred from it, that the appellants were innocent purchasers for value of these securities. The bill expressly alleges that J. R. McPherson transferred to these appellants his remaining equity in said asssets. This was after the transfer to appellee. The question is not before us to the rights of innocent purchasers for value without notice of these securities. The bill states a cause of action, and therefore should be answered by the appellants.

*Affirmed and remanded.*